CT Corporation

**Service of Process Transmittal**
10/24/2017
CT Log Number 532166307

TO: Veronica Perez
Sasol Chemicals (USA) LLC
12120 Wickchester Ln
Houston, TX 77079-1211

OCT 27 2017

RE: **Process Served in Louisiana**

FOR: Sasol Chemicals (USA) LLC  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHERYLL BAKER, Individually and on behalf of the late PHILLIP DARROW BAKER, deceased, Pltf. vs. ANCO INSULATIONS, et al., Dfts. // To: Sasol Chemicals (USA) LLC |
| **DOCUMENT(S) SERVED:** | Citation, Fourth Supplemental & Amending Petition, Petition, Attachment(s) |
| **COURT/AGENCY:** | IBERVILLE; 18TH JUDICIAL DISTRICT COURT, LA<br>Case # 075860 |
| **NATURE OF ACTION:** | Fourth Supplemental and Amending Petition to the Original, First, Second, and Third Supplemental and Amending Petition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/24/2017 at 09:40 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after the service |
| **ATTORNEY(S) / SENDER(S):** | Lawrence Gottys<br>Robins Cloud LLP<br>9191 Siegen Lane<br>Building 7<br>Baton Rouge, LA 70810<br>225-308-2617 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0120687562 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378<br>954-473-5503 |



**EXHIBIT A**

Page 1 of  1 / HP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## CITATION

| | | |
|---|---|---|
| **CHERYLL BAKER** |  | **Case: 075860** |
| *Versus* | | **Division: C** |
| | | **18th Judicial District Court** |
| **ANCO INSULATORS, ET AL** | | **Parish of Iberville** |
| | | **State of Louisiana** |

*The State of Louisiana and said Court to*
   *SASOL CHEMICALS(USA) LLC*
   *REGISTERED AGENT: CT CORPORATION SYSTEM*
   *3867 PLAZA TOWER DRIVE*
   *BATON ROUGE, LA 70816*

*You are hereby summoned either to comply with the demand contained in the PLAINTIFF'S FOURTH*

*SUPPLEMENTAL & AMENDING PETITION TO THE ORIGINAL, FIRST, SECOND AND THIRD*

*SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES petition of the said PLAINTIFF- CHERYL*

*BAKER  a*

*copy of which accompanies the citation, or deliver your answer to the said petition in the office of the Clerk of*

*said Court, held at the Court House at Plaquemine, in said Parish, within 15 days after the service hereof,*

*under penalty of default.*

*WITNESS THE HONORABLE ROBERT DOWNING/ADHOC, JUDGE OF SAID COURT, this 13TH day of*
*OCTOBER, 2017.*

                                    *Deputy Clerk of Court*

---

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of*

*_____, 20_____ served the above named party as follows:*

**Personal Service** *on the party herein named _____*

**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the*

*hands of _____, a person apparently over the age of seventeen*

*years, living and residing in said domicile and whose name and other facts connected with this service, I*

*learned by interrogating the said person, said party herein being absent from his/her residence at the time of*

*said service.*

*Returned:*
*Parish of _____ this _____ day of _____, 20____.*

| | | |
|---|---|---|
| *Service* | $_____ | |
| | | *By: _____* |
| *Mileage* | $_____ | *Deputy Sheriff* |
| *Total* | $_____ | |

[ ORIGINAL ]

*Serve*

## 18TH JUDICIAL DISTRICT COURT
## FOR THE PARISH OF IBERVILLE
## STATE OF LOUISIANA

| | | |
|---|---|---|
| CHERYLL BAKER, Individually and on behalf of the late PHILLIP DARROW BAKER, deceased, | § § § § | |
| Plaintiff | § § | DOCKET NO. 75860 |
| VS. | § § § | DIVISION C |
| ANCO INSULATIONS, ET AL Defendants | § § § | |

### PLAINTIFF'S FOURTH SUPPLEMENTAL & AMENDING PETITION TO THE ORIGINAL, FIRST, SECOND AND THIRD SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

**NOW INTO COURT,** by and through undersigned counsel, comes Plaintiff, CHERYLL BAKER, Individually, and on behalf of the late PHILLIP DARROW BAKER who files this, her Fourth Supplemental and Amending Petition to the Original, First, Second, and Third Supplemental and Amending Petition, and respectfully shows unto the Court the following:

I

To amend the original petition to add the following additional defendants:

1)      Zeneca, Inc., individually and f/k/a ICI Americas, Inc. as successor by merger to Rubicon Chemicals, Inc.;

2)      Sasol Chemicals (USA) LLC f/k/a Sasol North America, Inc., f/k/a Sasol North America, LLC, f/k/a Condea Vista Company, f/k/a Vista Chemical Company;

3)      Sasol Chemicals North America, LLC as successor in interest to Vista Chemical Company; and

4)      Sasol (USA) Corporation as successor in interest to Vista Chemical Company.

II.

Plaintiff reiterates all other matters contained in the Original Petition for Damages including the prayer of the Original Petition as though set forth at length herein.

**WHEREFORE,** petitioner prays that her original, First, Second, and Third Supplemental and Amending Petitions be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in favor of Plaintiff and against the defendants as originally prayed for herein.

Respectfully submitted,

ROBINS CLOUD LLP

By: _L D D _____

Lawrence Gettys (#23753)
9191 Siegen Lane
Building 7
Baton Rouge, LA 70810
Telephone: 225-308-2617
Fax: 832-214-4981

-AND-

Jory D. Lange, Jr. *Admitted Pro Hac Vice*
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Tel.: 713-650-1200
Fax: 713-650-1400
jlange@robinscloud.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Fourth Supplement and Amendment to Original Petition was this day served by United States Mail, postage pre-paid and/or by facsimile and/or by electronic transmission and properly addressed upon all parties.

Baton Rouge, Louisiana this _5th_ day of _October_, 2017.

_____
Lawrence G. Gettys

A TRUE COPY
DATE 07/8/2017

Deputy Clerk, Ex-Officio, Recorder, Iberville Parish, Louisiana

FILED
2017 OCT 13 A 7 27

DY CLERK EX-OFFICIAL
IBERVILLE, LOUISIANA

FILED
2017 OCT 7 A 9 19

DY CLERK EX-OFFICIAL
IBERVILLE, LOUISIANA

2

**SERVICE INFORMATION:**

**ZENECA INC.**
Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA  70816

**SASOL CHEMICALS (USA) LLC**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**SASOL CHEMICALS NORTH AMERICA, LLC**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**SASOL (USA) CORPORATION**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

FILED

2017 OCT -6  A 9 19

BY CLERK  EX OFFICIAL
IBERVILLE, LOUISIANA

3

18TH JUDICIAL DISTRICT COURT

FOR THE PARISH OF IBERVILLE

STATE OF LOUISIANA

| | |
|---|---|
| CHERYLL BAKER, Individually and on behalf of the late PHILIP DARROW BAKER, deceased, §§§§§§ Plaintiff | DOCKET NO. *753860* |
| VS. §§§§§ | DIVISION *C* |
| ANCO INSULATIONS, ET AL §§ Defendants | |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes the petitioner CHERYLL BAKER, (hereinafter referred to as the "Plaintiff"), whose name and residence is shown on Exhibit "A" which is attached hereto and incorporated herein, complaining of the various Defendants listed in Exhibit "B", also attached hereto and incorporated herein, and for cause of action would show the Court as follows:

Venue properly lies in this Parish as the wrongful conduct occurred in this parish pursuant to La. C.C.P. Art. 74. In addition, Dow Chemical Company's principle business establishment is located in this parish (La. C.C.P. Art. 42). Plaintiff also asserts that all defendants are joint and/or solidary obligors (La. C.C.P. Art.73).

1.     The damages sought by Plaintiff, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

2.     The Defendants, identified in Exhibit "B", are all either foreign corporations licensed to do and doing business in the state of Louisiana or domestic corporations licensed to do business and doing business in the state of Louisiana, that are liable to the Plaintiff for the claims asserted herein.

3.     Each Defendant corporation or its predecessor-in-interest is, or at times material hereto, has been engaged in the mining, processing, manufacturing, installation, maintenance,

sale, use and/or distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

4.      Plaintiff would show that for a period of many years, her husband, Philip Darrow Baker, was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos from his work in various refineries, chemical plants, residences, and/or other facilities in the state of Louisiana.  Decedent's work sites, trades and years of exposure to asbestos include, but are not limited to those identified in Exhibit "A." Plaintiff would show that Decedent was exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, has inhaled great quantities of asbestos fibers.  Further Plaintiff alleges, as more specifically set out below, that Decedent suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured, sold and used by Defendants.

5.      Plaintiff alleges that Decedent was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos through his occupations including, but not limited to, those set forth in Exhibit "A."  In that each and every exposure to asbestos caused or contributed to Decedent's injuries and death, Plaintiff says that all Defendants are liable jointly, severally, and in solido for all of Plaintiff's damages complained of herein.

6.      Plaintiff alleges that Decedent was exposed to asbestos fibers which originated from the asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products manufactured, sold, used, and/or distributed by Defendants. Plaintiff alleges that Decedent was exposed to the asbestos dust and fibers in the normal course of performing his job.  In that each exposure to such products caused or contributed to Decedent's injuries and death, Plaintiff alleges that all Defendants are liable jointly, severally and in solido for all of Plaintiff's damages complained of herein.

2

## COUNT ONE

7.   The illnesses and disabilities of Decedent are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, sold, used and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Decedent's health and well-being.  The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Decedent's illnesses and disabilities:

(a)      in failing to timely and adequately warn Decedent of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)      in failing to provide Decedent with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect himself and Decedent  from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)      in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)      in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)      in failing to develop and utilize a substitute material to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)      in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

3

(g)     in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)     in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

## COUNT TWO

8.      All of the allegations contained in the previous paragraphs are realleged herein.

9.      Decedent was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, distributed, and used by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations.  Plaintiff would show that the defective condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they left the hands of Defendants.

10.     The Defendants are engaged in the business of selling asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, were a proximate cause of the injuries of Decedent.

11.     Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

12.     Decedent was unaware of the hazards and defects in the asbestos-containing products of the Defendants which made them unsafe for purposes of manipulation and/or installation.  Similarly, Decedent was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

13.     During the periods that Decedent was exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner which was intended by Defendants.

4

## COUNT THREE

14.     Plaintiffs hereby allege negligence and strict liability against Defendants, Shell Oil Company, ExxonMobil Oil Corporation and Goodyear Tire & Rubber Company, in failing to provide a safe place for Decedent to work free from the dangers of asbestos.  Such failures, as described below, resulted in Decedent's ultimate injuries, and death.

15.     The sites on which Decedent was exposed to asbestos-containing products were owned by, and were in the custody of the Defendants and were unreasonably dangerous due to the presence of asbestos-containing products, which resulted in the exposure of Decedent to airborne asbestos fibers with no precautions taken to minimize the risk of danger or warn Decedent of such danger.  The unreasonably dangerous condition of the products and sites where Decedent worked and the negligence of the Defendants caused  the Decedent's injuries.

16.     These Defendants negligently, recklessly, willfully and or/because of gross and wanton negligence, fault or strict liability, failed to properly discharge its duties to Decedent and the general public in the following:

(a)     Failed to provide Decedent with a safe work place, which led to the Decedent's exposure;

(b)     Failed to provide Decedent with safety equipment, which led to Decedent's exposure;

(c)     Failed to provide Decedent with correct, adequate, or proper safety equipment, which led to Decedent's exposure;

(d)     Recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Decedent regarding asbestos hazards in general and with regard to those specific hazards at Decedent's work sites;

(e)     Recklessly concealed and negligently omitted to reveal critical medical and safety information from Decedent regarding the safety and health risks associated with the asbestos and asbestos-containing products at his work site;

(f)     Failed to timely remove asbestos hazards from the work place;

(g)     Failed to properly supervise or monitor the work areas for compliance with safety regulations; and

(h)     Failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

17.     These Defendants were negligent and are strictly liable for hazardous things in their guarde, care, custody or right of control; and/or other acts or omissions as may be revealed in discovery or at trial.

## COUNT FOUR

18.    All of the allegations contained in the previous paragraphs are realleged herein.

19.    Defendants made representations that reasonably implied to the ordinary purchaser and/or user that the asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products was safe and would not cause injury.

20.    These misrepresentations involved a material fact concerning the character and quality of the Defendants' asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

21.    The purchasers and/or users of Defendants' asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products   justifiably relied on the Defendants' representation in purchasing and/or using Defendants' asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.   As more specifically set out below, Decedent's illness and death was a direct and proximate result of Defendants' misrepresentations.

## COUNT FIVE

22.    The above-described negligence, fault, strict liability and willful misconduct of defendants was the proximate cause of the Decedent's death.

23.    The federal courts lack subject matter jurisdiction over this action, as there is no federal question or complete diversity of citizenship.  Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed and waived, including any claim arising from an act or omission on any federal enclave, or of any officer of the United States, or any agency or person acting under him occurring under color of such office.

## WRONGFUL DEATH/SURVIVAL ACTION CLAIMS

24.   The death of Decedent, listed on Exhibit "A", was due to or a consequence of Decedent's exposure to asbestos dust and fibers from asbestos and asbestos-containing materials, as a direct and proximate result of his exposure to asbestos products that were unreasonably dangerous per se; defective in composition or construction; defective in design; lacking suitable warnings or instructions concerning the hazards presented; and as a result of negligent, willful, and/or reckless misconduct, and as a result of intentional misconduct of certain of the defendants.

6

As a direct and proximate result of the delictual conduct of the Defendants, the Petitioner listed on Exhibit "A" has lost the love, affection, society, support, services and future earnings of the Decedent and all other damages due pursuant to La. C.C. Art. 2315.2, and assert this wrongful death action against the Defendants.

25.     The Plaintiff listed on Exhibit "A" is the statutory survivor of Decedent, Philip Darrow Baker, listed on Exhibit "A" and hereby asserts this survival action pursuant to La. C.C. Art. 2315.1.

## DAMAGES

26.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related lung disease and other related physical conditions of Decedent as set forth in Exhibit "A." Plaintiff/Decedent has been damaged in the following non-exclusive particulars:

(a)  Decedent suffered great physical pain and mental anguish;

(b)  Plaintiff/Decedent incurred hospital and/or medical and/or pharmaceutical and/or other expenses due to Decedent's illness and death;

(c)  Decedent suffered a physical impairment at that time due to the disabling character of asbestos-related lung disease and other related physical conditions;

(d)  Decedent suffered a permanent partial disability at that time and became permanently and totally disabled due to the progressive character of asbestos-related lung disease and other related physical conditions;

(e)  Plaintiff/Decedent suffered a progressive loss of earning capacity and will continue to suffer a loss of earning capacity and wages;

(f)  Prior to the onset of Decedent's symptoms, Decedent was extremely active and participated in numerous hobbies and activities, and as a result of his illness, Decedent was prevented from engaging in some of said activities which were normal to him prior to developing symptoms from asbestos-related lung disease. Decedent was prevented from participating in and enjoying the benefits of a full and complete life; and

(g)  Plaintiffs have suffered all wrongful death damages pursuant to La. C.C.P. Art. 2315.2.

27.     Plaintiffs filed suit within one (1) year of the date of discovering Decedent's asbestos-related conditions or the existence of any asbestos-related causes of action.

28.     Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** on the basis of all of the foregoing premises set out in Plaintiff's petition, Plaintiff requests that citations be issued, and that all defendants be served, as set forth in "Exhibit B".

Plaintiff further prays that there be judgment against these defendants, in solido, in a sum sufficient to compensate Plaintiff for the following:

    (a)   all past, present and future medical costs or expenses related thereto;

    (b)   all past, present and future lost earnings;

    (c)   all past, present and future mental suffering, anguish, and pain;

    (d)   all past, present and future physical pain and suffering;

    (e)   loss of consortium, love, affection, services and society;

    (f)    loss of quality of life; and

    (g)   All other forms of relief provided by law or equity together with legal interest from the date of judicial demand until paid, plus costs of these proceedings.

Respectfully submitted,

By: _____

HEARD ROBINS CLOUD LLP
Lawrence Gettys
Bar Roll No. 23753
9191 Siegen Lane
Building 7
Baton Rouge, LA  70810
Telephone:  225-308-2616
Fax:  832-214-4981

FILED

2016 APR 25 A 11:53

DY CLERK-EX OFFICIAL
IBERVILLE, LOUISIANA

8

# EXHIBIT "A"

Plaintiff:

> Cheryll Baker
> 45235 Penny Duplessis Rd.
> St. Amant, LA 70774

Decedent:

> Philip Darrow Baker
> DOD: 8/27/2015

Principal trade or trades when exposed to asbestos:

> Pipefitter, Fiberglass/Thermoplastics Welder

Principal site or sites of exposure to asbestos include, but are not limited to the following:

> Georgia Gulf, Plaquemine & Lake Charles, Louisiana
> Boise Cascade Paper Mill, Deridder, Louisiana
> Honeywell, Baton Rouge & Geismar, Louisiana
> BASF, Geismar, Louisiana
> Shell, Geismar, Louisiana
> Rubicon, Geismar, Louisiana
> Solvey Chem (Allied), Baton Rouge, Louisiana
> Syngenta (Ciba Geigy), St. Gabriel, Louisiana
> Rhodia, Baton Rouge, Louisiana
> Olin Chem, St. Gabriel, Louisiana
> Occidental Chem, Geismar & Taft, Louisiana
> Dow Chemical Company, Plaquemine, Louisiana

Years of exposure to asbestos include, but are not limited to the following:

> 1980's - 2015

Disease:

> Asbestos related Cancer - Mesothelioma

<u>EXHIBIT "B"</u>

Please serve the following defendants:

<u>PREMISE DEFENDANTS:</u>

**AVENTIS CROPSCIENCE USA INC. f/k/a RHODIA INC.**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**BASF CORPORATION, As Successor-In-Interest to**
**BASF Wyandotte Corporation**
Registered Agent
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**EXXONMOBIL OIL CORPORATION**
Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**DOW CHEMICAL COMPANY**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**HUNTSMAN PETROCHEMICAL CORPORATION, As**
**Successor-In-Interest to Texaco Chemical Company**
Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**SHELL OIL COMPANY**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**CHEVRON USA, INC., F/K/A GULF OIL CORPORATION**
Registered Agent:
Prentice-Hall Corporation
320 Somerulos Street
Baton Rouge, Louisiana 70802

**CHEVRON PHILLIPS CHEMICAL COMPANY LP**
Registered Agent:
C T Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA  70808

**GEORGIA GULF CORPORATION**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**BOISE CASCADE COMPANY**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**HONEYWELL INTERNATIONAL, INC., as Successor-In-Interest to Allied Chemical Corporation**
Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**OCCIDENTAL CHEMICAL CORPORATION, Individually and as Successor-In-Interest to Diamond Shamrock Chemical Company, Diamond Chemicals Company and Diamond Shamrock Corporation**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA  70816

**OLIN CORPORATION, as Successor-in-Interest to Olin Mathieson Chemical Corporation**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**RUBICON, LLC**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**SYNGENTA CROP PROTECTION, INC., as Successor in Interest to Novartis Crop Protection, Inc., Successor Interest to Ciba-Geigy Corporation**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

MANUFACTURER/DISTRIBUTOR/CONTRACTOR DEFENDANTS:

**ANCO INSULATIONS, INC.**
Registered Agent:
Brent J. Bourgeois
ROEDEL PARSONS KOCH BALHOFF & MCCOLLISTER
8440 Jefferson Hwy., Ste. 301
Baton Rouge, LA  70809

**JACOBS ENGINEERING GROUP INC.**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**THE MCCARTY CORPORATION**
Registered Agent:
Paul Spaht
445 North Blvd., Suite 300
Baton Rouge, LA 70802

**NATIONAL MAINTENANCE HOLDING COMPANY, L.L.C.**
formerly known as National Maintenance Corporation
Registered Agent:
L. J. Griffon, Jr.
8687 United Plaza Boulevard
Baton Rouge, LA 70809

**GENERAL ELECTRIC COMPANY**
**Registered Agent:**
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**GEORGIA-PACIFIC, LLC**
Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**GOULDS PUMPS, INCORPORATED**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**INGERSOLL-RAND COMPANY**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**VIACOM, INC., as successor in interest to CBS Corporation**
**(f/k/a Westinghouse Electric Corporation)**
Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**REILLY-BENTON CO., INC.**
Registered Agent:
Beason-Willingham, LLP
A Professional Law Firm
7520 Perkins Road, Suite 1012
Baton Rouge, LA 70808

**RILEY POWER, INC., Individually and as successor-in-interest to Babcock Borsig Power, Inc., DB Riley, Inc. and Riley Stoker Corporation**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA  70816

**TAYLOR-SEIDENBACH, INC.**
Registered Agent:
Ralph I. Shepard
731 So. Scott St.
New Orleans, LA 70150

**UNION CARBIDE CORPORATION**
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA  70816

13

18TH JUDICIAL DISTRICT COURT

FOR THE PARISH OF IBERVILLE

STATE OF LOUISIANA

CHERYLL BAKER, Individually and on behalf
of the late PHILLIP DARROW BAKER,
deceased,
        Plaintiff

VS.

ANCO INSULATIONS, ET AL
        Defendants

§
§
§
§
§
§
§
§
§
§

DOCKET NO.  75860

DIVISION C

## PLAINTIFFS' FIRST SUPPLEMENTAL & AMENDING PETITION TO THE ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, by and through undersigned counsel, come Plaintiff, CHERYLL
BAKER, Individually, and on behalf of the late PHILLIP DARROW BAKER who file this, her
First Supplemental and Amending Petition to the Original Petition, and respectfully shows unto
the Court the following:

I

To amend COUNT THREE, paragraph 14,  of the original petition to remove
ExxonMobil Oil Corporation and Goodyear Tire & Rubber Company and add the following
additional premise defendants (See attached Exhibit "A"):

TEXACO, INC.;

GEORGIA GULF CORPORATION;

BOISE CASCADE COMPANY;

HONEYWELL INTERNATIONAL, INC., as Successor-In-Interest to Allied
Chemical Company;

BASF CORPORATION;

SHELL OIL COMPANY;

RUBICON, LLC;

SYNGENTA CROP PROTECTION, INC. as Successor-in-Interest to Olin
Mathieson Chemical Corporation;

SOLVAY USA INC. f/k/a Rhodia, Inc.;

OLIN CORPORATION, as Successor-in-Interest to Olin Mathieson Chemical Corporation;

OCCIDENTAL CHEMICAL CORPORATION, Individually and as Successor-in-Interest to Diamond Shamrock Chemical Company, Diamond CHemicals Company and Diamond Shamrock Corporation; and

DOW CHEMICAL COMPANY

II.

To amend Exhibit A of the original petition to add Texaco, Inc.'s Convent Refinery as a principal site of exposure.

II.

The Plaintiffs reiterate all other matters contained in the Original Petition for Damages including the prayer of the Original Petition as though set forth at length herein.

WHEREFORE, petitioners pray that their original Petition be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in favor of Plaintiffs and against the defendants as originally prayed for herein.

Respectfully submitted,

By: _____
    Lawrence Gettys (#23753)
    HEARD ROBINS CLOUD LLP
    9191 Siegen Lane
    Building 7
    Baton Rouge, LA 70810
    Telephone: 225-308-2617
    Fax: 832-214-4981

    -AND-

    Bridget B. Truxillo
    TX Bar No. 24062600
    Heard Robins Cloud LLP
    2000 West Loop South, 22nd Floor
    Houston, Texas 77027
    Tel.: 713-650-1200
    Fax: 713-650-1400
    btruxillo@heardrobins.com

    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Third Supplement and Amendment to Original Petition was this day served by United States Mail, postage pre-paid and/or by facsimile and/or by electronic transmission and properly addressed upon all parties.

Baton Rouge, Louisiana this 26th day of May, 2016.

_____
LAWRENCE G. GETTYS

3

**SERVICE INFORMATION:**

**TEXACO, INC.**
Regstiered Agent:
The Prentice-Hall Corporation System, Inc.
320 Somerulos Street
Baton Rouge, LA  70802

**SOLVAY USA INC. f/k/a RHODIA, INC.**
Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA  70802

4

## EXHIBIT "A"

Plaintiff:

    Cheryll Baker
    45235 Penny Duplessis Rd.
    St. Amant, LA 70774

Decedent:

    Philip Darrow Baker
    DOD: 8/27/2015

Principal trade or trades when exposed to asbestos:

    Pipefitter, Fiberglass/Thermoplastics Welder

Principal site or sites of exposure to asbestos include, but are not limited to the following:

    Georgia Gulf, Plaquemine & Lake Charles, Louisiana
    Boise Cascade Paper Mill, Deridder, Louisiana
    Honeywell, Baton Rouge & Geismar, Louisiana
    BASF, Geismar, Louisiana
    Shell, Geismar, Louisiana
    Rubicon, Geismar, Louisiana
    Solvay Chem (Allied), Baton Rouge, Louisiana
    Syngenta (Ciba Geigy), St. Gabriel, Louisiana
    Rhodia, Baton Rouge, Louisiana
    Olin Chem, St. Gabriel, Louisiana
    Occidental Chemical, Geismar & Taft, Louisiana
    Dow Chemical Company, Plaquemine, Louisiana
    Texaco, Inc., Convent, Louisiana

Years of exposure to asbestos include, but are not limited to the following:

    1980's - 2015

Disease:

    Asbestos related Cancer - Mesothelioma

18TH JUDICIAL DISTRICT COURT
FOR THE PARISH OF IBERVILLE
STATE OF LOUISIANA

| | | |
|---|---|---|
| CHERYLL BAKER, Individually and on behalf of the late PHILLIP DARROW BAKER, deceased, | § § § § | |
| Plaintiff | § | DOCKET NO. 75860 |
| | § | |
| VS. | § | DIVISION C |
| | § | |
| ANCO INSULATIONS, ET AL | § | |
| Defendants | § | |

## PLAINTIFF'S SECOND SUPPLEMENTAL & AMENDING PETITION TO THE ORIGINAL AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

**NOW INTO COURT,** by and through undersigned counsel, comes Plaintiff, CHERYLL

BAKER, Individually, and on behalf of the late PHILLIP DARROW BAKER who file this, her

Second Supplemental and Amending Petition to the Original and First Supplemental and

Amending Petition, and respectfully shows unto the Court the following:

I

To amend COUNT THREE, paragraph 14, of the original petition to add the following

additional premise defendant:

**BAYER CROPSCIENCE INC.**, as Successor-in-Interest to Aventis
Cropscience USA Inc. and Rhodia, Inc.

II.

Plaintiff reiterates all other matters contained in the Original Petition for Damages

including the prayer of the Original Petition as though set forth at length herein.

**WHEREFORE,** petitioner prays that her original and First Supplemental and Amending

Petitions be supplemented and amended in the above particulars and that, after due proceedings

had, there be judgment herein in favor of Plaintiff and against the defendants as originally prayed

for herein.

Respectfully submitted,

ROBINS CLOUD LLP

By: _____
Lawrence Gettys (#23753)
9191 Siegen Lane
Building 7
Baton Rouge, LA 70810
Telephone: 225-308-2617
Fax: 832-214-4981

-AND-

Bridget B. Truxillo
TX Bar No. 24062600
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Tel.:  713-650-1200
Fax:  713-650-1400
btruxillo@heardrobins.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Second Supplement and Amendment to Original Petition was this day served by United States Mail, postage pre-paid and/or by facsimile and/or by electronic transmission and properly addressed upon all parties.

Baton Rouge, Louisiana this _____ day of _____, 2016.

_____
Lawrence G. Gettys

2

**SERVICE INFORMATION:**

**BAYER CROPSICENCE, INC,**
as Successor-in-Interest to Aventis Cropscience USA Inc.
and Rhodia, Inc.
Registered Agent:
Corporation Service Company
80 State Street
Albany, NY  12207-2543

18TH JUDICIAL DISTRICT COURT

FOR THE PARISH OF IBERVILLE

STATE OF LOUISIANA

CHERYLL BAKER, Individually and on behalf §
of the late PHILLIP DARROW BAKER, §
deceased, §
    Plaintiff §

VS. §

ANCO INSULATIONS, ET AL §
    Defendants §

DOCKET NO.  75860

DIVISION C

## PLAINTIFF'S THIRD SUPPLEMENTAL & AMENDING PETITION TO THE ORIGINAL, FIRST AND SECOND SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

**NOW INTO COURT,** by and through undersigned counsel, comes Plaintiff, CHERYLL

BAKER, Individually, and on behalf of the late PHILLIP DARROW BAKER who file this, her

Third Supplemental and Amending Petition to the Original, First and Second Supplemental and

Amending Petition, and respectfully shows unto the Court the following:

I

To amend the original petition to add the following additional defendants:

1)    Ametek, Inc. f/k/a Haveg;

2)    Champlain Cable Corporation;

3)    Hercules Incorporated; and

4)    Wegener Welding.

II.

Plaintiff reiterates all other matters contained in the Original Petition for Damages

including the prayer of the Original Petition as though set forth at length herein.

**WHEREFORE,** petitioner prays that her original, First and Second Supplemental and

Amending Petitions be supplemented and amended in the above particulars and that, after due

proceedings had, there be judgment herein in favor of Plaintiff and against the defendants as originally prayed for herein.

Respectfully submitted,

ROBINS CLOUD LLP

By:

Lawrence Gettys (#23753)
9191 Siegen Lane
Building 7
Baton Rouge, LA  70810
Telephone:  225-308-2617
Fax:  832-214-4981

-AND-

Bridget B. Truxillo
TX Bar No. 24062600
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Tel.:  713-650-1200
Fax:   713-650-1400
btruxillo@heardrobins.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Second Supplement and Amendment to Original Petition was this day served by United States Mail, postage pre-paid and/or by facsimile and/or by electronic transmission and properly addressed upon all parties.

Baton Rouge, Louisiana this _12th_ day of _Dec_, 2016.

Lawrence G. Gettys

2

**SERVICE INFORMATION:**   .

**AMETEK, INC. f/k/a Haveg**
Serve Pursuant to Louisiana Long Arm Statute
37 N. Valley Road
Bldg. 4
Paoli, PA  19301

**CHAMPLAIN CABLE CORPORATION**
Serve Pursuant to Louisiana Long Arm Statute
175 Hercules Drive
Colchester, VT  05446

**HERCULES INCORPORATED**
Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA  70816

**WEGENER WELDING**
Pursuant to Louisiana Long Arm Statute
16W301 S. Frontage Road
Burr Ridge, IL 60527

OCT 2  2017

MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS  TX 75201

**1.0 LBS    LTR**        **1 OF 1**

**SHIP TO:**

VERONICA  PEREZ
2815883496
SASOL CHEMICALS (USA) LLC
12120 WICKCHESTER LN
**HOUSTON  TX 77079**



# TX 774 9-02

## UPS NEXT DAY AIR        **1**

TRACKING #: 1Z 039 9EX 01 2068 7562



BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/1403403/532166307/Mara Velasco

XOL 17.09.10        NV45 93.0A 10/2017

**CT  Packing Slip**

CT Corporation

OCT 2   2017

| | |
|---|---|
| **UPS Tracking # :** | 1Z0399EX0120687562 |
| **Created By :** | Hardik Pandya |
| **Created On :** | 10/25/2017 12:52 PM |
| **Recipient :** | |

**Veronica Perez**

| | |
|---|---|
| Title : | -- |
| Customer : | Sasol Chemicals (USA) LLC |
| Address : | 12120 Wickchester Ln |
| Email : | veronica.perez@us.sasol.com |
| Phone : | 281-588-3496         Fax :    - |

| | |
|---|---|
| **Package Type :** | Envelope |
| **Items shipped :** | 1 |

| Log # | Case # | Entity Name |
|---|---|---|
| 532166307 | 075860 | Sasol Chemicals (USA) LLC |